Pennsbury School District, Appellant *v.* Wilbur G. Walker, Appellee.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Paul L. Stevens, Curtin & Heffner,* for appellant.

*Catherine C. O'Toole,* with her *Thomas P. Hamilton, Jr., Richard, Brian, DiSanti and Hamilton,* for appellee.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE BLATT, July 22, 1982:

The appellant, Pennsbury School District (District), challenges a decision of the Court of Common Pleas of Bucks County granting a declaratory judgment in favor of the appellee, Wilbur G. Walker.

The appellee was first employed by the District as a professional employee during the 1953-54 school year and, after 12 years of service, he requested and

was granted a sabbatical leave for study purposes in 1965-66. At the conclusion of this first sabbatical leave, the appellant had completed thirteen years of school service. His service continued, and at the end of the 1972-73 school year he had completed twenty years of service, seven of which were subsequent to completion of his 1965-66 sabbatical leave. During the 1973-74 school year he again requested, was granted and took a sabbatical leave, this time for purposes of travel. At the conclusion of this 1973-74 sabbatical, he had completed twenty-one years of school service. His service next continued without interruption from the 1974-75 through the 1979-80 school years, at the conclusion of which he had completed twenty-seven years of service including six years of active service subsequent to completion of his 1973-74 sabbatical. On March 26, 1980, he requested a sabbatical leave for the second half of the 1980-81 school year, at which time he had completed twenty-seven and one-half years of total school service including prior sabbatical leaves and it had been six and one-half years since the completion of his 1973-74 sabbatical. The District denied the request on the grounds that he had not completed seven years of service since his last sabbatical leave and was therefore not eligible for another leave of absence until the 1981-82 school year. He then filed a petition for declaratory judgment with the court below, which concluded that the District erred by not including the appellee's 1973-74 sabbatical as a year of service in computing his eligibility for another leave of absence and that, if that year was counted, the appellee would have seven years of service as required by Section 1166 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1166 and would have been entitled to another sabbatical in 1980-81. This appeal followed.

Section 1166 of the Code provides:

(a) Any person employed in the public school system of this Commonwealth *who has completed ten (10) years of satisfactory service as a professional employe* or member of the supervisory, instructional or administrative staff, or as a commissioned officer, of any board of school directors, county board of school directors, or any other part of the pubilc school system of the Commonwealth, *shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes.* At least five consecutive years of such service shall have been in the school district from which leave of absence is sought, unless the board of school directors shall in its discretion allow a shorter time: Provided, however, That in the case of professional employes of area vocational-technical schools or technical institutes prior service in the participating school district shall be credited toward such service requirement. Such leave of absence shall be for a half or full school term or for two half school terms during a period of two years, at the option of such person: Provided, however, if a sabbatical leave is requested because of the illness of an employe, a leave shall be granted for a period equivalent to a half or full school term or equivalent to two half school terms during a period of two years: Provided further, That if a sabbatical leave for one half school term or its equivalent has been granted and the employe is unable to return to school service because of illness or physical disability, the employe, upon written request prior to the expiration of the original leave, shall be entitled to a

further sabbatical leave for one half school term or its equivalent: Provided, further, That if a sabbatical leave for a full school term or its equivalent has been granted and the employe is unable to return to school service because of illness or physical disability, the board of school directors may extend such sabbatical leave for such periods as it may determine but not to exceed one full school term or its equivalent. *Thereafter, one leave of absence shall be allowed after each seven years of service.*

A sabbatical leave granted to a regular employe shall also operate as a leave of absence without pay from all other school activities. (Emphasis added.)

Both parties agree that this case requires an interpretation of the language of Section 1166 as emphasized above. The District contends that the final sentence of the first paragraph refers to the time period following a previously granted leave of absence and would therefore result in a right to an additional sabbatical only after seven years of service following completion of a prior leave. The appellee argues that the "thereafter" language applies to the period succeeding the completion of ten years of satisfactory service and that a year spent on sabbatical leave must be included in computing the seven years of service for entitlement to the next sabbatical leave. In support of their respective positions, the parties both point to the statutory history of Section 1166 and especially to its original wording.

Section 1166 as originally enacted read:

Whenever any person employed in the public school system of this Commonwealth shall have completed ten years of satisfactory service as a teacher, or, in first class school districts, as a member of the instructional staff or

department of instruction, as now defined by the local board of education, such person shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes, for a half or full school year, at the option of such person. Thereafter, one leave of absence shall be allowed after each seven years of service.

Section 1216(a) of the Act of May 18, 1911, P.L. 309, added by Act of July 1, 1937, P.L. 2579. Our reading of both this version of Section 1166 of the Code as well as the present statute leads us to conclude that a teacher must have seven years of service *after* his/her most recent sabbatical leave before he/she is eligible for another sabbatical.

Every enactment of Section 1166 placed reference to a sabbatical leave as the temporal period most closely preceding the word "thereafter". We must therefore interpret Section 1166 to mean that, after the completion of a sabbatical leave, a professional employee must complete another seven years of service before another such leave may be granted. In the present case, the appellee had requested a leave to begin after he had served only 6 1/2 years since his last sabbatical leave. The District therefore properly denied his application.

As to the appellee's argument that a prior sabbatical leave year should be counted as one of the seven years of service required to establish eligibility for the next ensuing sabbatical leave, it is of no consequence whether or not it should be so considered because we have held that the computation of the seven years of service required under Section 1166 begins only when the prior leave is completed.

We will reverse the order of the court below.

574

ORDER

AND Now, this 22nd day of July, 1982, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.

Judge MENCER did not participate in the decision in this case.